By the Court.
The plaintiff, John Spitler, claims that he is owner in fee simple, and in actual possession of 56 acres of land coming to him by descent as follows : In 1855 Louisa A. M. Ricker married Sebastian Heeter. During such coverture Heeter acquired by purchase title to this land. In 1873 *101 Heeter died intestate and without issue, and Louisa, his wife, took the title to the land by descent under section 4159 Revised Statutes. In 1876 she married plaintiff, and in 1881 she died intestate and without issue. - The defendants are her brothers and sisters, and the brothers and sisters of her former husband, Sebastian Heeter, or their representatives; and defendants claim the land, subject to plaintiff’s life estate. Plaintiff brought this suit to establish and quiet his title in fee simple, relying on Rhea v. Dick, 34 Ohio St. 420. Plaintiff claims as relict of Louisa, his wife, under section 4159 Rev. Stats., which is as follows : “ If there are no children, or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate.”
The defendants claim that this title,’ at the death of Louisa, passed and descended in fee simple (subject to the life estate of plaintiff),' one-half to her brothers and sisters, and the other half to the brothers and sisters of Sebastian Heeter, under section 4162 Rev. Stats., which is as follows : “ When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property, which-came to such intestate from any former deceased husband or wife, under the provisions of section 4159, then such estate, real and personal, shall pass and descend; one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife from which such personal or real estate came or their personal representatives.” The question is, was Louisa at the time of her death “ the relict of a deceased husband ?” The term relict is applied to the survivor of a pair of married people, whether the survivor is the husband or the wife ; the relict of the united pair, not the relict of the deceased individual.
The relict is the survivor of the union of married people, not simply the survivor of the decedent individually-; and the expression Louisa Heeter, relict of Sebastian Heeter,” does not mean simply that Louisa is the relict of Sebastian, but that Louisa is the relict of the former marriage union of Louisa and Sebastian, as husband and wife. And this rela- *102 tionsbip of Louisa, tbe survivor, to that married pair, cannot be changed by tbe subsequent marriage of Louisa.
Tbe law assumes that “ tbe relict of a deceased husband or wife ” may be possessed of property that came “ from any former deceased husband or wifeand thus presumes that such relict may be tbe relict of tbe union of more than one such pair of married people, and provides for each case.
Louisa, at tbe time of her death, was “ tbe relict of a deceased husband,” Sebastian Heeter; and section 4162 of tbe Revised Statutes determines the descent of this land, and gives it to tbe defendants, subject to plaintiff’s life estate. Tbe court did not err, and tbe judgment is affirmed.

Judgment aeeordvngly.